**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LIGIA JOSEFINA FERNANDEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| -vs- | ) | NO.  CIV-26-0589-HE |
| | ) | |
| | ) | |
| WARDEN OF DIAMONDBACK | ) | |
| CORRECTIONAL FACILITY, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Ligia Josefina Fernandez, a Venezuelan citizen, filed a 28 U.S.C. § 2241 petition seeking to challenge her detention by U.S. Immigration and Customs Enforcement (ICE).  The matter was referred to United States Magistrate Judge Suzanne Mitchell for preliminary review and submission of proposed findings and recommendations in accordance with 28 U.S.C. § 636.  Subsequently, on June 22, 2026, the magistrate judge issued a Report and Recommendation [Doc. #14], recommending the § 2241 petition be denied on the basis petitioner is not entitled to habeas relief.  In making that recommendation, the magistrate judge determined this court has no jurisdiction to review the merits of the immigration judge's decision to deny petitioner release on bond, petitioner's claim under Zadvydas v. Davis, 533 U.S. 678 (2001), is premature as the immigration judge's removal order is not administratively final, and petitioner's claimed entitlement to periodic bond hearings to comport with due process fails based upon the

Supreme Court's rulings in Jennings v. Rodriguez, 583 U.S. 281 (2018) and Demore v. Kim, 538 U.S. 510 (2003).

Petitioner has timely objected to the Report and Recommendation. She asserts the magistrate judge's recommendation "rests on a mischaracterization of the claim [she] actually presented." [Doc. #15, ECF p. 1]. According to petitioner, she does not seek review of the merits of the immigration judge's bond determination, she is not bringing a claim under Zadvydas, and she is not claiming statutory entitlement to periodic bond hearings as addressed in Jennings. Rather, she challenges "whether the Constitution permits the government to rely on that single, increasingly dated [bond] determination indefinitely, without ever revisiting it, while [her] case continues through further, and now appellate, proceedings." [Doc. 15, ECF p. 3]. In other words, she requests this court to decide whether her "ongoing confinement, now exceeding six months, without any renewed individualized justification, is reasonable under the Due Process Clause." *Id*. at ECF p. 2. According to petitioner, "the passage of time, standing alone, has changed the constitutional calculus." *Id*. at ECF p. 3.

Pursuant to 28 U.S.C. § 636(b)(1), the court has conducted a *de novo* review of the matter. The court concurs with the magistrate judge that the § 2241 petition should be denied. According to the record, petitioner has been detained since December 31, 2025. On February 25, 2026, the immigration judge held a bond hearing and denied bond because petitioner did not establish that she was not a flight risk. Less than one month later, petitioner filed her § 2241 petition. At that time, petitioner had been detained by ICE almost three months. As of now, she has been detained by ICE in total almost seven months

and approximately five months since her bond hearing.  But even if the court were to consider the duration of petitioner's detention as of now rather than at the time of the petition's filing, the court concludes that petitioner has not sufficiently demonstrated a due process violation.  Petitioner relies solely upon the "passage of time" for her claim. However, duration of detention alone cannot "sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations." Borbot v. Warden Hudson County Correctional Facility, 906 F.3d 274, 277 (3d. Cir. 2018).  Although the court recognizes that "despite an initial bond hearing, detention under § 1226(a) might become unreasonably prolonged, whether by virtue of government delay or some other cause," Borbot, 906 F.3d at 280, petitioner has not identified, and the record does not indicate, a basis for the court to conclude that petitioner is entitled to a new individualized bond hearing or release under the Fifth Amendment due process clause.[1]  The court concludes petitioner's due process claim is without merit, and the § 2241 petition should be denied.

Accordingly, the Report and Recommendation [Doc. #14] is **ADOPTED** insofar as it recommends petitioner's § 2241 petition be denied.  The petition for writ of habeas corpus under 28 U.S.C. § 2241 [Doc. #1] is **DENIED**.

A separate judgment will be entered.

---

[1] *The court notes that § 1226(a) detainees are entitled to request a custody redetermination from the immigration courts upon a showing of materially changed circumstances.  8 C.F.R. § 1003.19(e).*

3

**IT IS SO ORDERED**.

Dated this 22nd day of July, 2026.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE